UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL A. LAPKA,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                         /

Case No. 2:20-cv-10035

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER
OVERRULING PLAINTIFF'S OBJECTION [17],
ADOPTING REPORT AND RECOMMENDATION [16],
DENYING PLAINTIFF'S MOTION FOR REMAND [13],
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [14]**

The Commissioner of the Social Security Administration ("SSA") denied Plaintiff Cheryl Lapka's application for supplemental security income and disability insurance benefits in a decision issued by an Administrative Law Judge ("ALJ"). ECF 11, PgID 47–55. After the SSA Appeals Council declined to review the ruling, *id.* at 33–35, Lapka appealed, ECF 1. The Court referred the matter to Magistrate Judge Patricia Morris, and Lapka moved to remand while the Commissioner moved for summary judgment. ECF 3, 13, 14. The magistrate judge issued a report and recommendation ("Report") that suggested the Court deny Lapka's motion and grant the Commissioner's motion. ECF 16. Lapka timely objected to the Report, and the Commissioner replied. ECF 17, 18. After examining the record and considering Lapka's objections de novo, the Court finds that her arguments lack merit. For these reasons, the Court will overrule the objections, adopt the Report's findings, deny

1

Lapka's motion to remand, and grant the Commissioner's motion for summary judgment.

## BACKGROUND

The Report properly details the events leading to Lapka's action against the Commissioner. ECF 16, PgID 587–614. And there was no objection to the background portion. The Court will therefore adopt that portion of the Report.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) governs the review of a magistrate judge's report. The Court's standard of review depends on whether a party objects. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Individuals who receive an adverse final decision from the Commissioner may appeal the decision to a federal district court. 42 U.S.C. § 405(g). When reviewing a case under § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted).

2

Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" so that "a reasonable mind might accept [the evidence] as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Loral Def. Sys.–Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999) (citation omitted). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.* (internal quotations and citation omitted) (alteration omitted).

### DISCUSSION

Lapka raised three objections to the Report. First, Lapka argued that the magistrate judge erred when she determined that the ALJ's one sentence analysis of Lapka's treating physician's opinion was adequate. ECF 17, PgID 623–25. Second, Lapka argued that the magistrate judge was incorrect when she found that Plaintiff's treating physician's opinion was not supported by objective medical evidence. *Id.* at 625–26. And third, Lapka objected to the magistrate judge's finding that "[t]he ALJ accurately describe[d] [Lapka's] manipulative limitations and considered medical evidence of record and particularity the persuasiveness of the opinion evidence." *Id.* at 626. The Court will address each objection in turn.

I.   <u>Adequacy of ALJ's Analysis of Lapka's Treating Physician's Opinion</u>

The magistrate judge determined the ALJ's one sentence analysis of Lapka's treating physician's opinion was adequate. *Id.* at 623. And Lapka's objection to it is

3

misplaced. The Court must review "the record as a whole to determine whether the ALJ's decision is supported by substantial evidence." *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 527 (6th Cir. 2014) (citing *Garner v. Heckler*, 745 F.3d 383, 388 (6th Cir. 1984)). Here, the magistrate judge noted that the ALJ's analysis of the treating physician's opinion was "cursory" but that the *entire record* supported the ALJ's conclusion that the treating physician's opinion was "deficient." ECF 16, PgID 616. The magistrate judge therefore properly analyzed the record as a whole when determining that substantial evidence supported the ALJ's decision, *see Keeton*, 583 F. App'x at 527. The Court will overrule Lapka's first objection.

II.  Medical Evidence Does not Support the Treating Physician's Opinion

Lapka contends that the Report erred when it found that she did not support her arguments with objective medical evidence and supporting explanations from her treating physician. ECF 17, PgID 625. The objection, however, cites only one piece of evidence: a "grip strength" test. *Id.* at 625–26. But the ALJ also reviewed the treating physician's opinion along with the rest of the medical evidence and decided that the treating physician's opinion was "unpersuasive" because it exaggerated the medical evidence. ECF 11, PgID 53. But, the Court can "not reweigh the evidence considered by the ALJ." *Seibert v. Comm'r of Soc. Sec.*, No. 17-13590, 2019 WL 1147066, at *2 (E.D. Mi. Mar. 13, 2019) (Cleland, J.) (citing *Big Branch Res., Inc. v. Ogle*, 737 F.3d 1063, 1074 (6th Cir. 2013)). Because the Court cannot reweigh the evidence, it must deny Lapka's second objection.

4

III. <u>Findings on Manipulative Limitations</u>

Finally, Lapka objected to the Report's finding that the ALJ accurately described her "manipulative limitations and considered" the evidence in the record. ECF 17, PgID 626. The objection flows from the treating physician's opinion and the fact that the ALJ's residual functioning capacity finding conflicted with that physician's opinion. But Plaintiff identified no specific evidence to support her assertion that the ALJ made inaccurate descriptions despite "retain[ing] the burden of proving her lack of residual functional capacity." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) (citation omitted). Plaintiff's final objection is therefore overruled because she failed to meet her burden.

## CONCLUSION

The Court has carefully reviewed the parties' motions, the Report, and Lapka's objections. For the reasons stated above, the Court finds Lapka's objections unconvincing and agrees with the Report's recommendation to grant the Commissioner's motion for summary judgment and deny Lapka's motion for remand.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Lapka's objections to the report and recommendation [17] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's report and recommendation [16] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Lapka's motion for remand [13] is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment [14] is **GRANTED**.

This is a final order that closes the case.

**SO ORDERED**.

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 25, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 25, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

6